E-FILED
Thursday, 18 July, 2019 02:46:30 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| SHANNON BENNETT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 19-cv-1222-SLD ) |
| STEVE KALLIS, Warden, | ) ) |
| Respondent. | ) |

# ORDER AND OPINION

Now before the Court is Petitioner Shannon Bennett's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). This matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Because it plainly appears from the Petition and attached exhibits that the Petitioner is not entitled to relief and because Petitioner has failed to prosecute his Petition, Petitioner's § 2241 Petition (Doc. 1) is DISMISSED.

Petitioner originally filed this Petition (Doc. 1) pursuant to 28 U.S.C. § 2241 in the District Court for the Northern District of Illinois on February 26, 2019. The Petition was transferred here on July 1, 2019 (Doc. 2). On that same day, this Court ordered Petitioner to pay the $5.00 filing fee or provide the Court with a signed Application to Proceed in the District Court Without Prepaying Fees or Costs by July 22, 2019. The Order was sent to Petitioner's address of record—which is listed as the Federal Correctional Institution in Pekin, Illinois. However, the Court has received the order back in the mail as undeliverable (Doc. 4).

According to the Federal Bureau of Prisons ("BOP") inmate locator, Petitioner is now with the RRM Chicago Residential Reentry Office. A mailing address is not listed for inmates on the BOP website, and Petitioner has not notified this Court, nor the Northern District of Illinois, of his move. Moreover, even if an address was provided, Petitioner's address will soon be changing again, as his projected release date is scheduled for this Friday, July 19, 2019. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on July 17, 2019). It is Petitioner's duty to notify the court of a change of address, as well as to pay the filing fee. Accordingly, his Petition is dismissed for failure to prosecute.

Further, even if Petitioner had timely updated his address and paid the filing fee, Petitioner's Petition fails on the merits. Petitioner is seeking to compel the BOP to recalculate his sentence and credit him with seven additional days of good conduct time pursuant to amendments affecting the calculation of good conduct time pursuant to the First Step Act of 2018. Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b)(1) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. Under the previous version of the statute, the BOP awards good conduct time based on a prisoner's time served, which allows a prisoner to earn only 47 days of good conduct time for each year of the sentenced imposed.

However, the amendments to 18 U.S.C. § 3624(b)(1) have not yet come into effect, making Petitioner's challenge premature. Pursuant to section 102(b)(2) of the First Step Act of 2018, the amendments "shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." *Id.* Section 101(a), in turn, does not require completion of the system until 210 days after the Act's enactment, which

will be on July 19, 2019.  *See also, Schmutzler v. Quintana*, No. CV 5: 19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019) (finding that Section 102(b)(1) of the First Step Act will not take effect until July 2019); *Rizzolo v. Puentes*, No. 1:19-CV-00290, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) (same); *Shaw v. Hart*, No. 18-CV-07990 (N.D. Ill. Jan. 3, 2019), ECF No. 12 at 3-4 (same).  Accordingly, Petitioner's claim is premature, as the BOP is not yet required to change its calculation method.

Petitioner's reliance on *United States v. Walker,* Case No. 3:10-cr-00298, ECF No. 110 (D. Or. Feb. 7, 2019) is misplaced.  In *Walker,* the petitioner argued that the amendment should be effective immediately based on the legislative history showing that the amendment was meant to be a "fix" clarifying what 18 U.S.C. 3624(b) "always meant but was not clearly articulated." *Id.*, ECF No. 109 at 3.  The district court granted the relief requested, but specifically did so "without a final determination of the merits of the legal issues" due to the Government's failure to address the merits and the "equities of the situation."  *Id.,* ECF No. 110 at 1.  Moreover, the Court finds the petitioner's argument in *Walker* regarding the Act's legislative history is not persuasive in light of the plain language of the Act.

Of course, the Court realizes that this means Petitioner, whose projected release date is July 19, 2019—the same day as the effective date of the act—will not benefit from the First Step Act's amendments.  However, it is up to Congress to determine the effective date of their statutes.  While it is no doubt frustrating, Petitioner's position is no different than any other prisoner who served their time prior to the Act's effective date.

For these reasons, Petitioner Shannon Bennett's Petition (Doc. 1) is DISMISSED both for failure to prosecute and on the merits.  This case is CLOSED.

Signed on this 18th day of July, 2019.

/s/ Sara Darrow
Sara Darrow
Chief United States District Judge